UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| In re:<br><br>DARID MICHAEL COOPER<br>SSN/ITIN xxx-xx-7852<br><br>and<br><br>JENNIFER LYNN COOPER<br>SSN/ITIN xxx-xx-1537<br><br>Debtors. | Bankr. No. 10-40153<br>Chapter 7<br><br>DECISION RE:<br>MOTION FOR JUDGMENT<br>ON THE PLEADINGS WITH<br>RESPECT TO MOTION TO DISMISS<br>PURSUANT TO 11 U.S.C. § 707(b)(3) |

The matter before the Court is the United States Trustee's Motion for Judgment on the Pleadings with respect to his pending Motion to Dismiss Pursuant to 11 U.S.C. § 707(b)(3).[1] This is a core proceeding under 28 U.S.C. § 157(b)(2). This decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c). As discussed below, the United States Trustee's motion will be granted.

I.

In his Motion to Dismiss Pursuant to 11 U.S.C. § 707(b)(3) (doc. 23), the United States Trustee alleged, *inter alia*:

> 5. On the first page of the Debtors' Voluntary Petition, the Debtors checked the box indicating that their debts were "Consumer/Non-Business." In addition, based upon a review of Debtors' Schedules D, E [and] F, the U.S. Trustee submits that the Debtors' obligations are primarily consumer debts. On Schedule F, the Debtors' scheduled nonpriority unsecured debts totaling $82,109.49.
>
> . . .
>
> 7. The Debtors' Schedules I and J indicate monthly disposable income of $1,467.94. This would enable them to repay $47,562.25 to their creditors in a 3-year chapter 13 plan after deducting chapter 13 trustee fees.

In their reply to the United States Trustee's motion (doc. 27), Debtors did not deny

---

[1] Pursuant to Bankr. D.S.D. R. 9014-3(b), "Fed.R.Civ.P. 12(c) applies in contested matters."

any of the United States Trustee's allegations. Debtors instead argued their Chapter 7 Statement of Current Monthly Income and Means-Test Calculation (doc. 1, pp. 48-55) "clearly shows the Debtor's [*sic*] income is less than the mean income the Federal Government lists, and thus there is no presumption of abuse."

The United States Trustee filed a Motion for Judgment on the Pleadings (doc. 28). Debtors responded (doc. 31). The matter was taken under advisement.

II.

In considering a motion for judgment on the pleadings, the Court must "accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant." *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004) (citing *Franklin High Yield Tax-Free Income Fund v. County of Martin*, 152 F.3d 736, 738 (8th Cir. 1998) (citing *Lion Oil Co. v. Tosco Corp.*, 90 F.3d 268, 270 (8th Cir. 1996))). The Court may grant the motion "'only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law.'" *Waldron*, 388 F.3d at 593 (quoting *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001) (citing *Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 428 (8th Cir. 1993))).

The Court may dismiss a chapter 7 case "if it finds that the granting of relief would be an abuse of the provisions of [chapter 7]." 11 U.S.C. § 707(b)(1).

> In considering under [§ 707(b)](1) whether the granting of relief would be an abuse of the provisions of [chapter 7] in which the presumption in [§ 707(b)(2)](A)(i) . . . does not arise or is rebutted, the court shall consider –
> . . .
>
> > (B) [whether] the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse.

11 U.S.C. § 707(b)(3).

Like its predecessor,[2] which did not define "substantial abuse," § 707(b)(3) does not define "abuse." However, it has long been the law in the Eighth Circuit that a chapter 7 debtor's ability to fund a chapter 13 plan is the primary factor to be considered in determining whether granting relief would be *substantial* abuse. *In re Walton*, 866 F.2d 981, 984-85 (8th Cir. 1989). The Court of Appeals has consistently followed this premise. *Stuart v. Koch (In re Koch)*, 109 F.3d 1285, 1286 (8th Cir. 1997); *Fonder v. United States*, 974 F.2d 996, 999 (8th Cir. 1992); and *United States Trustee v. Harris*, 960 F.2d 74, 76-77 (8th Cir. 1992). If the ability to fund a chapter 13 plan constituted *substantial* abuse under § 707(b)(3)'s predecessor, the Court can think of no reason why that same ability should not also constitute the adjective-less abuse now required under § 707(b)(3). This is especially true in light of the fact § 707(b) no longer includes a presumption in favor of granting the debtor relief under chapter 7.[3]

### III.

In this case, the United States Trustee's unrefuted allegations demonstrate if Debtors were to commit their monthly disposable income of $1,467.94, they could pay their unsecured creditors $52,845.84, less chapter 13 trustee fees, over a 36-month period or $88,076.40, less chapter 13 trustee fees, over a 60-month period.[4] Debtors thus have the ability to fund a meaningful chapter 13 plan. *In re Thomas*

---

[2] Section 707(b) was amended effective October 17, 2005 by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Prior to its amendment, § 707(b) permitted a court to dismiss a chapter 7 case if it found "the granting of relief would be a substantial abuse of the provisions of [chapter 7]."

[3] Prior to its amendment in 2005, § 707(b) provided, "There shall be a presumption in favor of granting the relief requested by the debtor."

[4] Pursuant to Bankr. D.S.D. R. 9014-1(a), "[a]n objection or other response to a motion, application, plan, or other request for relief must comply with Fed.Rs.Civ.P. 8, 10, and 12. A general denial or mere request for a hearing is insufficient."

*Wayne McNary and Janet Marjorie McNary*, Bankr. No. 08-50120, slip op. at 5 (Bankr. D.S.D. July 18, 2008) (debtors who could pay $16,632.00, less chapter 13 trustee fees, over a 36-month period or $27,720.00, less chapter 13 trustee fees, over a 60-month period had the ability to fund a meaningful chapter 13 plan). Consequently, granting them relief would be an abuse of the provisions of chapter 7.

In reaching its decision, the Court has not considered Debtors' amended schedule J (doc. 30-1), which reflects a reduced monthly disposable income of $1,007.08. That amendment is a matter outside the pleadings. *See* Fed.R.Civ.P. 12(c) and (d) and Bankr. D.S.D. R. 9014-3(b). Moreover, even if the Court were to consider it, the outcome would be the same, because Debtors could still pay their unsecured creditors $36,254.88, less chapter 13 trustee fees, over a 36-month period or $60,424.80, less chapter 13 trustee fees, over a 60-month period.

The Court will enter an order granting the United States Trustee's Motion for Judgment on the Pleadings. At Debtors' request (doc. 31), their case will be converted to chapter 13.

Dated: July 22, 2010.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota